IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID JAY HANNAH,

    Plaintiff,

    v.                              CASE NO. 18-3204-SAC

SAM CLINE, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 3.) Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). Plaintiff alleges that Defendants have retaliated against him and persecuted him for practicing his Wiccan religion. Plaintiff alleges that Defendants have censored religious literature and "essential primary texts" for his religion, and rubber-stamped all complaints without any investigation. Plaintiff alleges that the unlawful censorship violates his First Amendment rights and violates RLUIPA. Plaintiff also alleges retaliation, discrimination and harassment. Plaintiff alleges that Defendant Escobar ransacked Plaintiff's cell in retaliation for Plaintiff filing a complaint against her. Plaintiff alleges that Escobar destroyed his altar and personal religious materials for is Wiccan religion. Plaintiff alleges that Defendants violated RLUIPA by favoring mainstream religions and promoting them while discriminating against Wiccan practices. Plaintiff also alleges that Defendants are conspiring to conceal their actions. Plaintiff alleges that he was denied a visit with his mother and her two friends "out of malice and spite."

Plaintiff names as defendants: Sam Cline, LCF Warden; (fnu) Escobar, Unit Team B-2 Counselor at LCF; Danielle Walters, Mail Room at LCF; Bill Shipman, Administrative Office at

LCF; Douglas W. Burris, KDOC Secretary; and (fnu) Almond, LCF Chaplain. Plaintiff seeks compensatory damages, punitive damages, nominal damages, and injunctive relief.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of LCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of LCF to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The Clerk of Court shall serve Defendants under the e-service pilot program in effect with the Kansas Department of Corrections ("KDOC").

(2) Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have **sixty (60) days** to prepare the *Martinez* Report. Upon the filing of that report, the AG/Defendants shall have an additional **sixty (60) days** to answer or otherwise respond to the Complaint.

(3) Officials responsible for the operation of LCF are directed to undertake a review of the subject matter of the Complaint:

a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which

shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of LCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendant, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 24th day of May, 2019.**

                                    <u>s/ Sam A. Crow</u>
                                    SAM A. CROW
                                    U. S. Senior District Judge