# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DAVID JAY HANNAH,**

    **Plaintiff,**

    v.                                                 CASE NO. 18-3204-SAC

**SAM CLINE, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 3.) At the time of filing, Plaintiff was incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). On February 26, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 20) ("MOSC") granting Plaintiff until March 23, 2020, to show good cause why his Complaint should not be dismissed. Plaintiff has failed to respond to the MOSC by the Court's deadline.

Plaintiff's allegations are related to his ability to practice his Wiccan religion while incarcerated at LCF and retaliation and discrimination by staff at LCF. The Court ordered the appropriate officials of LCF to prepare and file a *Martinez* Report, noting that once the report was received, the Court could properly screen Plaintiff's claims under 28 U.S.C. § 1915. At the direction of the Court, counsel for the Kansas Department of Corrections ("KDOC") filed the *Martinez* Report (Doc. 18), and Defendants filed an Answer (Doc. 19).

The Court's MOSC noted that according to the Kansas Adult Supervised Population Electronic Repository ("KASPER"), Plaintiff's current status is "Post Incarceration."[1] The Court directed Plaintiff to show cause why his claims for injunctive relief are not moot. The Court also found that any request for damages for mental or emotional injury is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

The Court also found that although it is unclear whether any potential claim for property damage could survive § 1997e(e), Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property); *Smith v. Colorado Dept. of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees."); *see also Ybanez v. Scott*, 2015 WL 1258290, at *7 (D. Colo. March 17, 2015) (noting that the 10th Circuit does not appear to have addressed the issue of whether 1997e(e) bars an award of compensatory damages for the loss of property, but in *Allen v. Reynolds*, 475 F. App'x 280, 283–84 (10th Cir. 2012), the court appeared to reject, in *dicta*, an argument that an inmate's demand for compensatory damages for the destruction of personal photographs survived the lack of a physical injury under the PLRA); *see also Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (finding in case involving confiscated magazines that inmate did not suffer physical injury

---

[1] *See* https://kdocrepository.doc.ks.gov/kasper (last visited February 25, 2020).

in connection with his constitutional claims, and allegation that personal property was lost, confiscated, or damaged does not state a claim where remedy is in state court).

The Court found in the MOSC that Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind. The Court also found that Plaintiff's claims of retaliation are subject to dismissal for failure to allege adequate facts in support of the claims, and Plaintiff's bare allegations of harassment, conspiracy and discrimination, fail to state a claim upon which relief may be granted.

Plaintiff has failed to show good cause why his Complaint should not be dismissed and has failed to state a valid claim for relief.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED.**

**Dated March 24, 2020, in Topeka, Kansas.**

>           s/ Sam A. Crow
>           SAM A. CROW
>           U. S. Senior District Judge